TASHIMA, Circuit Judge:
 

 This case requires us to decide whether U.S.S.G. § 5G1.3(b), which requires the imposition of a concurrent sentence in certain circumstances, applies where at least one of a defendant’s undischarged prison terms is not related to the instant offense. We hold that it does not.
 

 I. Background
 

 Donald W. Kimble entered guilty pleas to two counts of making a false statement during the acquisition of a firearm in violation of 18 U.S.C. §§ 922(a)(6) & 924(a)(1)(B). Kim-ble was sentenced to 60 months on each count, to be served consecutively. This sentence was ordered to run concurrently with the state sentence that Kimble was then serving. However, the district court, exercising its discretion under U.S.S.G. § 5G1.3(c), p.s., ordered that Kimble not receive any credit for time served on the state sentence. Kimble appeals from that determination.
 

 In sentencing Kimble, the district court enhanced his offense level under U.S.S.G. § 2K2.1(b)(5) for using, in connection with another felony, one of the firearms Kimble bought under false pretenses. Specifically, Kimble used the firearm he bought on August 26, 1993, in connection with an incident which resulted in a state conviction for aggravated assault.
 

 Kimble argues that because his state conviction for aggravated assault was used in calculating his federal sentence, U.S.S.G. § 5G1.3(b) required the district court to give him credit for the time he had served for his aggravated assault conviction. At the time Kimble was sentenced, § 5G1.3(b) applied if
 

 the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense....
 

 U.S.S.G.App. C, am. 465. At that time, application note 2 stated that § 5G1.3(b)
 

 addresses eases in which the conduct resulting in the undischarged term of imprisonment has been fully taken into account under § 1B1.3 (Relevant Conduct) in determining the offense level for the instant offense. This can occur, for example, where a defendant is prosecuted in both federal and state court, or in two or more federal jurisdictions, for the same criminal conduct or for different criminal transactions that were part of the same course of conduct.
 

 When a sentence is imposed pursuant to subsection (b), the court should adjust for any term of imprisonment already served as a result of the conduct taken into account in determining the sentence for the instant offense.
 

 U.S.S.G.App. C, am. 465.
 

 The district court found § 5G1.3(b) inapplicable and therefore applied § 5G1.3(c), which grants the court significant discretion in de
 
 *-870
 
 ciding how to structure the sentence.
 
 [1]
 
 The district court reasoned that § 5G1.3(b) did not apply because Kimble’s undischarged term of imprisonment resulted, not only from the aggravated assault, but also from convictions it found not to have been taken into account in calculating Kimble’s offense level.
 

 Kimble was convicted in November 1993, on state charges of issuing a check with insufficient funds. Kimble had issued this check on August 26 to purchase the gun he later used in connection with his aggravated assault. This August 26 transaction was also the basis for one of his federal false statement charges. For this bad check transaction, Kimble was sentenced in Ada County to an indeterminate term of 1 to 3 years.
 

 Additionally, on December 8, 1993, Kimble was convicted in Adams County both on the aggravated assault charge and on a charge of issuing another insufficient-funds check sometime during the last week of August. This cheek was unrelated to the other conduct for which he was convicted in state and federal court. Kimble was sentenced to an indeterminate term of 1 to 4 years on his aggravated assault charge and 1 to 3 years on the bad check charge. These sentences were ordered to run concurrently with each other and with his previous sentence for the August 26 check.
 

 Kimble argues that his aggravated assault was “fully taken into account” when the § 2K2.1(b)(5) enhancement was applied, and that the existence of other unrelated sentences for which he was serving time concurrently to the aggravated assault sentence was not relevant to the analysis under § 5G1.3(b). The government contends that § 5G1.3(b) did not apply because, even if the aggravated assault was taken into account, Kimble’s state prison term also resulted from the totally-unrelated December conviction for issuing an insufficient-funds check in Adams County. Under the government’s theory, if an undischarged prison term results both from offenses “taken into account” and from offenses not “taken into account,” § 5G1.3(b) does not apply.
 

 II. Analysis
 

 We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review
 
 de novo
 
 the district court’s interpretation and application of the Guidelines.
 
 United States v. Ogbuehi,
 
 18 F.3d 807, 814 (9th Cir.1994).
 

 The resolution of this case turns on whether § 5G1.3(b) applies when the “undischarged term of imprisonment” results from multiple offenses, only some of which were taken into account in determining the defendant’s offense level (this issue will be referred to as the “multiple-offenses problem”). We hold that, in such a situation, § 5G1.3(b) does not apply.
 

 The text of § 5G1.3(b) does not expressly address the multiple-offenses problem. That provision’s language reasonably could be read either way. That is, in this kind of situation, “the undischarged term of imprisonment [does] result from offense(s) that have been fully taken into account,” thereby implying that the provision applies. On the other hand, “the undischarged term of imprisonment [also results] from offense(s) that [were not] fully taken into account,” thereby implying that § 5G1.3(b) does not apply.
 

 Application note 2 is of no help either. Although it is somewhat broader than the text of § 5G1.3(b), encompassing “different criminal transactions that were part of the same course of conduct,” the multiple-offenses problem still exists here because at least one of Kimble’s convictions (the December, Adams County, conviction for issuing a bad check) was completely unrelated to Kim-ble’s federal offenses.
 

 While § 5G1.3(b)’s text is not helpful, the purpose behind that provision makes clear what the resolution to this problem should be. Section 5G1.3(b) was adopted to address the “unfairness” that, would result from re-
 
 *-869
 
 eeiving a second sentence for activities which were considered as relevant conduct in a prior proceeding.
 
 Witte v. United States,
 
 —U.S.—,—, 115 S.Ct. 2199, 2208, 132 L.Ed.2d 351 (1995). Section 5G1.3 seeks to approximate the “total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time (i.e., had all of the offenses been prosecuted in a single proceeding).”
 
 Id.
 
 In essence, “§ 5G1.3 operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant’s sentence.”
 
 Id.
 
 at—, 115 S.Ct. at 2208-09.
 

 In this multiple-offenses context, application of a consecutive sentence would not result from the “fortuity of two separate prosecutions;” but rather from the fact that at least one of the offenses underlying thé undischarged prison term was completely unrelated to the instant offense. Whether the defendant is prosecuted for the instant offense and the unrelated underlying-offenses in the same proceeding, or in separate proceedings, is immaterial in this context. In both cases, the sentences fairly could be imposed to run consecutively.
 

 A rule requiring application of § 5G1.3(b) where only some of the offenses for which the defendant is serving the undischarged prison term were taken into account would require concurrent sentences in situations where § 5G1.3(b)’s rationale would not fully apply. On the other hand, rejection of § 5G1.3(b) in such multiple-offenses situations would leave the court free fully to consider, under § 5G1.3(e), all of the potential permutations and complexities that can arise in a multiple-offenses context. For example, under § 5G1.3(e), courts may consider the degree to which each of the offenses underlying the undischarged prison term was taken into account, the relative lengths of the various undischarged sentences, and any other relevant factors which might impact on the fairness of the sentence. These factors can be considered by the court under § 5G1.3(e) in devising an appropriate sentence, be it consecutive, partially concurrent, or concurrent with or without credit for time served. U.S.S.G. § 5G1.3(c), p.s.;
 
 Witte,
 
 — U.S. at —, 115 S.Ct. at 2209 (even in absence of § 5G1.3, under Guidelines, courts “retain enough flexibility” to take into account dupli-cative consideration of the same criminal conduct).
 

 In this case, the district court properly exercised its discretion under § 5G1.3(e), and imposed a sentence which fairly reflected the extent to which (i) Kimble’s state offenses were taken into account and (ii) all his offenses were related to one another. The district court used § 5G1.3(c)’s flexibility to impose a concurrent sentence, but with no credit for time served.
 

 Kimble argues that
 
 United States v. Drake,
 
 49 F.3d 1438 (9th Cir.1995), requires a different conclusion. Kimble’s argument has ho merit.
 
 Drake
 
 is of no help in this context; that case addressed the “apparent conflict between a mandatory minimum sentence statute and the ... Guidelines provisions for concurrent sentencing.”
 
 Id.
 
 at 1439. In that case, the district court had concluded that, although § 5G1.3(b) applied, the minimum sentence mandated by statute prevented it from imposing a concurrent sentence. We held that time served for a state offense can, under certain circumstances, count towards the minimum sentence set by statute; therefore, application of § 5G1.3(b) was not foreclosed in that ease by the statutory mandatory minimum sentence.
 
 Id.
 
 at 1440-41.
 
 Drake
 
 simply does not address any issues helpful in resolving the multiple-offenses problem presented by the instant case, nor does it require adoption of Kimble’s proposed construction of § 5G1.3(b).
 

 The district court correctly concluded that U.S.S.G. § 5G1.3(b) did not govern the sentencing in this case. It properly applied and exercised its sentencing discretion under § 5G1.3(c).
 

 AFFIRMED.
 
 [2]
 

 [1]
 

 . The version of U.S.S.G. § 5G1.3(c), p.s., in force at the time of sentencing directed that "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense.” That provision left the court with considerable discretion to decide whether, and to what extent, to impose a consecutive sentence.
 
 See United States v. Redman,
 
 35 F.3d 437, 440-42 (9th Cir.1994),
 
 cert.
 
 denied, —U.S.—, 115 S.Ct. 922, 130 L.Ed.2d 802 (1995).
 

 [2]
 

 . Kimble also contends that the district court's failure to give him credit for time served on his
 
 *-868
 
 state sentence violated the Double Jeopardy Clause of the Constitution. However, because this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned. Fed. R.App. P. 28(a)(6);
 
 See Martinez-Serrano v. INS,
 
 94 F.3d 1256, 1259 (9th Cir.1996).