139 F.3d 909
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Rob NITE, Defendant-Appellant.
 No. 96-50681.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Feb. 13, 1998.
 
 Appeal from the United States District Court for the Central District of California William D. Keller, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rob Nite appeals pro se his guilty plea conviction and 21-month sentence for mail fraud, in violation of 18 U.S.C. § 1341. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Nite contends that the district court erred by denying his motion to withdraw his guilty plea. This contention is meritless.
 
 
 4
 The district court did not abuse its discretion by denying Nite's motion, because Nite failed to show a fair and just reason for withdrawing his plea. See United States v. Alber, 56 F.3d 1106, 1111 (9th Cir.1995). The district court was entitled to credit Nite's representations under oath at the plea hearing that he was pleading guilty freely and voluntarily over his post-plea assertion that he "felt helpless, intimidated, and under pressure" to accept the plea agreement. See United States v. Hoyos, 892 F.2d 1387, 1400 (9th Cir.1989.
 
 
 5
 Nite also contends that the district court erroneously calculated the amount of loss. The district court properly used Nite's intended loss to calculate his base offense level, because the intended loss exceeded the actual loss. See U.S.S.G. § 2F1.1, comment. (n. 7) (1995); United States v. Robinson, 94 F.3d 1325, 1328 (9th Cir.1996).
 
 
 6
 Finally, Nite contends that the district court erred by imposing a partially concurrent sentence, greater than the sentence contemplated in the plea agreement. Contrary to Nite's assertion, the plea agreement did not contemplate a particular sentence. We conclude that the district court did not abuse its "significant discretion" in structuring Nite's sentence "to achieve a reasonable punishment for the instant offense," given that Nite was serving an undischarged term of imprisonment in Montana imposed as a result of similar activities. See U.S.S.G. § 5G1.3(c), p.s. (1995); United States v. Kimble, 107 F.3d 712, 713-15 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 2471, 138 L.Ed.2d 226 (1997).
 
 
 7
 Having carefully reviewed the parties' briefs and the record, we conclude that the remainder of Nite's claims lack support in the record, in our case law, or in both, and thus do not warrant further discussion.[1] Appellant's motions for reconsideration of this court's order denying bail pending appeal, for a ruling "on motions the district court refuses to hear," and for an order directing the government to disclose any pending investigations or indictments are denied.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have not, however, addressed Nite's ineffective assistance of counsel claims, which are more properly raised in a motion under 28 U.S.C. § 2255. See United States v. Henson, 123 F.3d 1226, 1241 (9th Cir.1997). Nor does this appeal resolve any issues regarding the district court's December 31, 1996 denial of Nite's section 2255 motion