**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James Austin REED, Defendant–
Appellant.**

No. 00–6681.

United States Court of Appeals,
Sixth Circuit.

Nov. 8, 2001.

Before MARTIN, Chief Judge; BATCHELDER, Circuit Judge; and SARGUS, District Judge.*

James Austin Reed pleaded guilty to participating in a conspiracy to receive, possess, conceal, and sell stolen explosives. *See* 18 U.S.C. § 371. On November 20, 2000, he was sentenced to forty-four months of imprisonment and two years of supervised release. It is from this judgment that Reed now appeals. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Reed had been incarcerated on a related state charge before he was placed in federal custody. He now argues that his federal sentence should have been reduced by all of the time that he spent in state custody, even though he was also serving another concurrent, but unrelated, state sentence during that time. In particular, Reed argues that a reduction in his federal sentence was required by Application Note 2 to USSG § 5G1.3, which provides in pertinent part as follows:

> *Adjusted concurrent sentence—subsection (b) cases. When a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons....*

This argument is unpersuasive as it is apparent that Reed's federal sentence was not imposed under subsection (b) of USSG § 5G1.3. That guideline section provides as follows:

(a) If the instant offense was committed while the defendant was serving a term of imprisonment ... or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

(b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been

---

* The Honorable Edmund A. Sargus, Jr., United States Circuit Judge for the Southern District of Ohio, sitting by designation.

fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

(c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment ....

Subsection (a) does not apply as Reed committed his federal offense before the imposition of his state sentences. Thus, the applicability of subsection (b) turns on whether his state offenses were "fully taken into account" in determining the offense level for his federal sentence. Reed's state sentence for possessing stolen dynamite was taken into account, as it arose from the same facts as his federal offense. However, defense counsel admitted at sentencing that Reed's concurrent state sentence for burglary had nothing to do with his federal offense. Since the burglary offense was not taken into account in determining Reed's federal offense level, his case is not covered by subsection (b), and subsection (c) applies. *See* USSG § 5G1.3 (comment. n. 3) (1999). Thus, the district court was not bound by Note 2, as it applies expressly and exclusively to subsection (b).

Reed argues that the rule of lenity should control because § 5G1.3 is ambiguous. This argument fails because the guideline itself refers the courts to subsection (c) when subsections (a) and (b) are not fully applicable. Hence, the court properly reduced Reed's sentence only by the time that he had served in state custody subsequent to the imposition of his state sentence on the related stolen dynamite charge. *See* USSG § 5G1.3, com-

ment. n. 5 (1999); *United States v. Fermin,* 252 F.3d 102, 108–09 (2d Cir.2001); *United States v. Kimble,* 107 F.3d 712, 714–15 (9th Cir.1997).

Accordingly, the district court's judgment is affirmed.