**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dustin Jay STEELE, Defendant–
Appellant.**

No. 04–30064.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 1, 2004.*

Decided June 13, 2005.

Carl E. Rostad, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David F. Ness, Esq., FDMT–Federal Defenders of Montana, Great Falls, MT, for Defendant–Appellant.

Before: ALARCÓN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM **

■ Steele contends that the district court was required by United States Sentencing Guidelines § 5G1.3(b) to run his entire federal sentence concurrently with his undischarged state term of imprisonment. We disagree. Not all of Steele's state offenses were considered as relevant conduct to increase his offense level. Therefore, § 5G1.3(b) and its requirement of a fully concurrent term are inapplicable. *See United States v. Kimble,* 107 F.3d 712, 714 (9th Cir.1997) (holding that § 5G1.3(b) does not apply "when the 'undischarged term of imprisonment' results from multiple offenses, only some of which were taken into account in determining the defendant's offense level").

■ To the extent Steele raises an argument for a fully concurrent sentence under § 5G1.3(c), we decline to consider it because he failed to raise § 5G1.3(c) before the district court. *See United States v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Alisal Water Corp.,* 370 F.3d 915, 923 (9th Cir.2004).

AFFIRMED.