**Norm WESTON, Plaintiff–Appellant,**

v.

**EMPI, INC., Defendant–Appellee.**

No. 05–55477.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2007.\*

Filed March 13, 2007.

Charles M. Farano, Esq., Farano & Kieviet, Anaheim, CA, Plaintiff–Appellant.

Walsworth, Franklin, Bevins & McCall, Orange, CA, for Defendant–Appellee.

Before: FERNANDEZ, GRABER, and IKUTA, Circuit Judges.

MEMORANDUM \*\*

Taking the provisions of the employment contract between Norm Weston and EMPI together "so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other," Cal. Civ.Code. § 1641, the contract was clear and unambiguous and did not entitle Weston to commissions on sales made within his territory by another salesperson involved with the account. Moreover, the district court's finding that EMPI President Dan Weldon was a salesperson involved with accounts within Weston's territory was not clearly erroneous.

There is no evidence that EMPI President Weldon was using the employment contract to avoid paying commissions to Weston on sales made by Weston within his territory. Therefore, this employment contract is not a "sham" like the one described in *Shafford v. Otto Sales Co.*, 119 Cal.App.2d 849, 260 P.2d 269, 275 (1953).

Weston's employment contract was not unconscionable. Weston negotiated the terms of his employment contract with EMPI President Weldon. The contract provided that Weston would receive $62,036 per year plus commission. And the provision limiting Weston's commissions to sales made by him within his territory is not substantively unreasonable. *See A & M Produce Co. v. FMC Corp.*, 135 Cal.App.3d 473, 186 Cal.Rptr. 114, 120–121 (1982).

Weston does not cite any authority for his judicial misconduct claim or discuss this issue in his brief; as a result, this claim is deemed abandoned. *See* Fed. R.App. P. 28(a)(9)(A); *see also United States v. Kimble*, 107 F.3d 712, 715 n. 2 (9th Cir.1997).

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.