**Darnell J. NELSON, Plaintiff—Appellant,**

v.

**Henry M. PAULSON, Jr.,\* Secretary of the Treasury, Defendant—Appellee.**

**and**

**Frank P. Nixon, et al., Defendants.**

**No. 06–35433.**

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.\*\*

Filed May 1, 2008.

Darnell J. Nelson, Seattle, WA, pro se.

\* Henry M. Paulson, Jr., is substituted for his predecessor, John W. Snow, as Secretary of the Treasury, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument, and

Marion J. Mittet, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM \*\*\*

Darnell J. Nelson, an attorney employed by the Internal Revenue Service ("IRS"), appeals pro se from the district court's summary judgment, in his federal action alleging race and disability discrimination in his employment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Moore v. Glickman,* 113 F.3d 988, 989 (9th Cir.1997), and we affirm.

The district court correctly granted summary judgment to defendant-appellee on Nelson's reasonable accommodation claim, because the IRS reasonably accommodated Nelson's vision impairment when it took actions consistent with the recommendations of Nelson's treating physician. *See Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1089 (9th Cir.2002) ("An employer is not obligated to provide an employee the accommodation he requests or prefers, the employer need only provide some reasonable accommodation.") (citation and internal quotation marks omitted).

The district court correctly dismissed Nelson's remaining claims against defen-

denies appellant's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dant-appellee, because Nelson did not exhaust his administrative remedies for those claims by contacting an Equal Employment Opportunity ("EEO") counselor within 45 days of the allegedly discriminatory actions. *See Cherosky v. Henderson,* 330 F.3d 1243, 1245 (9th Cir.2003) (stating that failure to consult an EEO counselor within 45 days is "fatal to a federal employee's discrimination claim") (citation and internal quotation marks omitted); 29 C.F.R. § 1614.105(a)(1) ("An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory[.]").

The district court correctly granted summary judgment to defendants named in their individual capacities, because Congress's provision of administrative remedies precluded Nelson from pursuing *Bivens* claims against those defendants. *See Moore,* 113 F.3d at 994 ("We have held that administrative remedies preclude a *Bivens* action even when that relief is incomplete.").

To the extent that Nelson's remaining contentions have been developed, they are unpersuasive. *See United States v. Kimble,* 107 F.3d 712, 715 n. 2 (9th Cir.1997) ("[B]ecause this argument was not coherently developed in [the] briefs on appeal, we deem it to have been abandoned.")

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.