**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jerry James GEORGE, Defendant—
Appellant.**

No. 07–10252.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2008 *.

Filed Aug. 14, 2008.

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dyanne C. Greer, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Anders V. Rosenquist, Jr., Esq., Rosenquist & Associates, Phoenix, AZ, for Defendant–Appellant.

Before: SILER,** McKEOWN and CALLAHAN, Circuit Judges.

MEMORANDUM ***

Jerry James George ("George") appeals from his conviction of three counts of Aggravated Sexual Abuse of a Minor, in violation of 18 U.S.C. §§ 1153, 2241(c); and one

---

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

count of Abusive Sexual Contact, in violation of 18 U.S.C. §§ 1153, 2244(a)(1), 2246(3). The facts are known to the parties and need not be repeated here.

■ 1. George's due process rights were not violated by the district court's refusal to dismiss the entire jury panel after several prospective jurors briefly saw George in shackles and prison attire prior to the start of his trial. A brief or inadvertent glimpse of a defendant outside of the courtroom merits relief only if there is actual prejudice. *See United States v. Olano*, 62 F.3d 1180, 1190 (9th Cir.1995). George has not shown any prejudice.

■ 2. The district court did not abuse its discretion by admitting the victims' mother's testimony that her daughters told her that George had hurt them. These statements were "excited utterances" that recounted traumatic experiences that had occurred within a couple of hours of the events and were made as soon as the victims were alone with their mother. *See* Fed.R.Evid. 803(2); *People of the Territory of Guam v. Ignacio*, 10 F.3d 608, 615 (9th Cir.1993). The district court also did not abuse its discretion by admitting D.B.'s statement to a nurse practitioner that George touched her inappropriately because the statement was made for the purposes of a medical diagnosis. *See* Fed. R.Evid. 803(4); *Ignacio*, 10 F.3d at 613.

■ 3. The district court did not abuse its discretion by precluding testimony that the victims' brother had used vulgar language and had inappropriately touched several girls four years earlier while playing tag. "Evidence of third-party culpability is not admissible 'if it simply affords a possible ground of suspicion against such person; rather, it must be coupled with substantial evidence tending to directly connect that person with the actual commission of the offense.'" *Id.* at 615 (emphasis and citation omitted). George has failed to make the requisite connection between the proffered testimony and any evidence that connects the brother to the crimes.

■ 4. George has not shown that the district court erred in admitting photographs of S.B.'s medical examination, permitting testimony from the F.B.I. agents that George was drinking alcohol when arrested, or in permitting D.B. to testify. George's failure to adequately develop these arguments in his brief operates as a waiver. *See United States v. Kimble*, 107 F.3d 712, 715 n. 2 (9th Cir.1997) (stating that arguments not coherently developed in appellate briefs are deemed abandoned). In any event, George's conclusory arguments fail to show that the district court abused its discretion by admitting the photographs of S.B.'s medical examination and by permitting the testimony of the agents. In addition, George has also failed to establish that the district court's decision not to strike D.B.'s testimony constituted "manifest injustice," especially because the jury did not convict George of any counts related to D.B.

■ 5. The district court properly denied George's motion to suppress evidence discovered during the search of his pickup truck because we find that consent was voluntarily given to search the vehicle. *See United States v. Patayan Soriano*, 361 F.3d 494, 502–03 (9th Cir.2004). In any event, George does not challenge the district court's conclusion that the search was independently justified under the automobile exception to the warrant requirement. *See Pennsylvania v. Labron*, 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (1996) (per curiam). The district court also properly denied George's motion to suppress his statements because he voluntarily waived his right to remain silent. *See United States v. Bautista*, 362 F.3d 584, 589 (9th Cir.2004).

■ 6. Finally, the government introduced sufficient evidence at trial to sup-

port George's convictions for Aggravated Sexual Abuse of a Minor and Abusive Sexual Contact of a Minor. S.B.'s testimony detailed the sexual abuse and sexual contact. Her mother testified that S.B. reported the abuse and that she observed blood in S.B.'s underwear and injury to her "private area." Nurse Holt examined S.B. and observed signs of sexual abuse and sexual contact. In addition, criminalists testified that the blood found on the white grocery bag that was seized from George's truck contained a mixture of DNA belonging to George and S.B.

For each of these reasons, the judgment of the district court is AFFIRMED.