**Deborah LISTON, Plaintiff—Appellant,**

v.

**Ex rel ITS DEPARTMENT OF BUSINESS AND INDUSTRY; State of NEVADA, Defendants—Appellees.**

No. 07–16312.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 13, 2009.*

Filed Feb. 19, 2009.

Ian E. Silverberg, Law Offices of Ian E. Silverberg, Reno, NV, for Plaintiff–Appellant.

Sarah Bradley, Nevada State General Office, Carson City, NV, for Defendants–Appellees.

Before: D.W. NELSON, W. FLETCHER and TALLMAN, Circuit Judges.

### MEMORANDUM **

Appellant Deborah Liston appeals the district court's order granting summary judgment in favor of Appellee State of Nevada, Department of Business and Industry, Division of Industrial Relations ("Division"), on her claims of alleged violations of the Family Medical Leave Act ("FMLA") for interference and retaliation, and unlawful termination under Nevada law. We affirm the district court's order.

This court reviews de novo the district court's grant of summary judgment. *Dominguez–Curry v. Nev. Transp. Dept.,*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

424 F.3d 1027, 1033 (9th Cir.2005). The court must view the evidence in the light most favorable to the nonmoving party, and must determine whether any genuine issues of material fact exist and whether the district court properly applied the relevant substantive law. *Id.* Summary judgment may be affirmed "on any basis supported by the record." *Valdez v. Rosenbaum,* 302 F.3d 1039, 1043 (9th Cir. 2002).

The failure to notify an employee of her rights under the FMLA can constitute interference if it affects the employee's rights under FMLA. *Xin Liu v. Amway,* 347 F.3d 1125, 1134–35 (9th Cir.2003); *Mora v. Chem–Tronics,* 16 F.Supp.2d 1192, 1227 (S.D.Cal.1998). However, the FMLA "provides no relief unless the employee has been prejudiced by the violation." *Ragsdale v. Wolverine World Wide, Inc.,* 535 U.S. 81, 89, 122 S.Ct. 1155, 152 L.Ed.2d 167 (2002).

■ The district court did not err in granting summary judgment in favor of the Division on Liston's claims of interference under the FMLA. Liston fails to rebut the Division's evidence that she was adequately informed of her FMLA rights. Even if she could, she can show no prejudice because, she can show no prejudice because even if she had been informed and taken FMLA leave, her accrued leave would have been reduced by the same amount under the Division's leave policy. Similarly, even if she was reprimanded for taking leave that should have been classified as FMLA leave, there is no evidence that the reprimands served as a basis for her termination. Finally, the Division's recertification request did not interfere with her FMLA rights because her husband's condition qualified under 29 C.F.R. § 825.308, and even if it did not, there is no evidence that she was prejudiced by the interference.

■ Nor did the district court err in granting summary judgment in favor of the Division on Liston's retaliation claim. Although an employer may not use FMLA leave as a negative factor in employment decisions, *Bachelder v. America West Airlines, Inc.,* 259 F.3d 1112, 1124 (9th Cir. 2001), there is no cause of action under the FMLA if the termination results from "absences ... not protected by the ... [FMLA]," *id.* at 1125 (citing *Marchisheck v. San Mateo County,* 199 F.3d 1068 (9th Cir.1999)), or from the employee's own performance problems, *Price v. Multnomah County,* 132 F.Supp.2d 1290, 1297 (D.Or.2001). The only evidence shows that Liston was terminated, not because of her FMLA leave, but because she left work for a period of almost ten days without authorization, thus violating two Nevada Administrative Codes.

Finally, by failing to develop properly the issue in her opening brief, Liston waived her argument that the district court erred in granting summary judgment on her claim of unlawful termination under Nevada law. *See United States v. Kimble,* 107 F.3d 712, 715–16 n.2 (9th Cir. 1997) (An "argument not coherently developed in ... briefs on appeal" is deemed "abandoned.").

AFFIRMED.