MEMORANDUM *
A.A. Lamarque appeals, and Robert Edward Barrett cross-appeals, the district court’s judgment granting in part and denying in part Barrett’s habeas corpus petition under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 1291. We reverse the district court’s grant of the petition with respect to Barrett’s conviction for use of a destructive device, Cal.Penal Code § 12303.3, and affirm the district court’s denial with respect to his conviction for arson, Cal.Penal Code § 451(b).
The district court found Barrett’s due process rights were violated because the prosecutor knowingly presented false testimony. See United States v. Zuno-Arce, 339 F.3d 886, 889 (9th Cir.2003) (“To prevail on a claim based on Mooney-Napue, the petitioner must show that (1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) ... the false testimony was material.”) (citations omitted). We review this legal determination de novo, and the factual findings underlying the determination for clear error. See Killian v. Poole, 282 F.3d 1204, 1207 (9th Cir.2002).
The record does not support the district court’s finding that Freige gave false testimony. He testified the burnt bottle and rag he collected from the arson site were components of a firebomb. He explained that he found the bottle against the wall that caught fire, in a planter that smelled of gasoline, and found the rag, which also smelled of gasoline, on the driveway about ten feet away from the bottle. Freige’s testimony was corroborated by eyewitnesses who saw the perpetrator throw a lit object that explosively burst into flames. The laboratory report on the bottle does not establish that the bottle never contained gasoline, which could have burned away or evaporated before it underwent testing. Moreover, as the district court acknowledged, the laboratory report did not prove false Freige’s testimony that the bottle had not been exposed to any chemical analysis to determine whether it had been softened by the presence of gasoline.
The prosecutor’s questioning left ambiguous whether Freige testified falsely in stating the bottle had been in his or his office’s possession until the day of his testimony. The prosecution disclosed the laboratory report to Barrett’s trial counsel, who did question the accuracy of Freige’s testimony during cross-examination. In context, we consider it unlikely the prosecutor elicited false testimony, particularly when the defendant could readily show the bottle had been sent out for testing. Although the prosecutor’s imprecise question *133 about chain of custody may have produced an inaccurate or incomplete answer, the exchange does not show the prosecutor presented false testimony sufficient to invalidate Barrett’s destructive device and arson convictions. See Zuno-Arce, 339 F.3d at 889. We therefore reverse the district court’s grant of the petition for habeas corpus as to Barrett’s destructive device conviction and affirm the court’s denial as to his arson conviction.
We granted a certificate of appeal-ability as to Barrett’s ineffective assistance of counsel claim. Barrett abandoned the claim, however, by failing to raise it in his briefs on appeal. See United States v. Kimble, 107 F.3d 712, 715 n. 2 (9th Cir.1997).
Each party to bear its own costs on appeal.
AFFIRMED in part; REVERSED in part; and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.