**Nico C. COURTNEY, Plaintiff— Appellant,**

v.

**OREGON STATE POLICE, an Agency of the State of Oregon; and Jim Ragon, Defendants—Appellees.**

No. 08–35688.

United States Court of Appeals, Ninth Circuit.

Submitted July 8, 2009.*

Filed Oct. 21, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Kevin T. Lafky, Haley Elizabeth Percell, Lafky & Lafky, Salem, OR, for Plaintiff– Appellant.

Carolyn Alexander, Esquire, Assistant Attorney General, Office of the Oregon Attorney General, Salem, OR, Marjorie A. Berger, Esquire, Charles Robert Steringer, Esquire, Sivhwa Go, Esquire, Harrang Long Gary Radnick, PC, Portland, OR, for Defendants–Appellees.

Before: PREGERSON, RYMER and GRABER, Circuit Judges.

R.App. P. 34(a)(2).

MEMORANDUM **

Nico Courtney ("Courtney") brought suit on a number of claims related to his resignation from the Tribal Gaming Section of the Oregon State Police. Courtney now appeals a district court order granting summary judgment to the Oregon State Police ("Appellees") on Courtney's claims under 42 U.S.C. § 2000e–2(a)(1), Oregon Revised Statutes §§ 659A.030 and 659A.203, and 42 U.S.C. § 1983. The parties are familiar with the facts of this case, which we repeat here only to the extent necessary to explain our decision. We review de novo a district court's decision to grant summary judgment. *Universal Health Servs., Inc. v. Thompson,* 363 F.3d 1013, 1019 (9th Cir.2004). We view the evidence in the light most favorable to the nonmoving party, *id.,* and affirm.

To survive summary judgment under 42 U.S.C. § 2000e–2(a)(1) or Oregon Revised Statutes § 659A.030(1), a plaintiff must show that

> (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.

*Fonseca v. Sysco Food Servs. of Ariz., Inc.,* 374 F.3d 840, 847 (9th Cir.2004) (internal quotation marks omitted). Here, Courtney failed to satisfy the fourth prong of this test. Even if Courtney could establish a prima facie case of discrimination or disparate treatment, summary judgment would still be appropriate because Appellees have demonstrated a nondiscriminato-ry reason for each of the adverse actions. *See Surrell v. Cal. Water Serv. Co.,* 518 F.3d 1097, 1106 (9th Cir.2008).

To prevail on his hostile work environment claim, Courtney must show that he was subjected to unwelcome conduct of a racial nature that was "sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez v. County of Los Angeles,* 349 F.3d 634, 642 (9th Cir.2003). The abusive environment must be both objectively and subjectively offensive. *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21–22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993).

Whether the conduct is sufficient to create a hostile work environment is a question of law. *Fuller v. City of Oakland,* 47 F.3d 1522, 1527 (9th Cir.1995). Relevant factors include the frequency and severity of the offensive conduct, whether the conduct is physical or a "mere offensive utterance," and whether the conduct unreasonably interferes with work performance. *Harris,* 510 U.S. at 23, 114 S.Ct. 367. None of the conduct Courtney cites is sufficiently severe or pervasive to create a hostile work environment.

Under Oregon Revised Statutes § 659A.203(1)(b), a public employer may not take disciplinary action against an employee who discloses any information that the employee reasonably believes is evidence of A) a violation of any federal or state law, rule or regulation, or B) mismanagement, gross waste of funds, or abuse of authority. Nor may the employer discourage an employee from making such a disclosure. Or.Rev.Stat. § 659A.203(1)(d). Here, regardless of whether Courtney made any protected disclosures, he failed to show that those po-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tentially protected disclosures, made roughly one year before Courtney was ever reprimanded, were in any way connected to later disciplinary actions.

Courtney's procedural due process claims were not presented in any detail to this court, nor do these arguments have any merit. Accordingly, we deem these arguments abandoned. *See United States v. Kimble,* 107 F.3d 712, 715 n. 2 (9th Cir.1997) (deeming argument abandoned where not adequately developed in appellate briefs).

Nor does Courtney's substantive due process claim have any merit. "[T]here is substantive due process protection against government employer actions that foreclose access to a particular profession." *Engquist v. Ore. Dep't of Agric.,* 478 F.3d 985, 998 (9th Cir.2007). Such substantive due process claims are limited to "extreme cases," such as a government blacklist. *Id.* at 997. Courtney does not explain what particular profession is foreclosed to him, let alone demonstrate that his is an "extreme case."

Our equal protection analysis of Courtney's intentional discrimination claim under 42 U.S.C. § 1983 is the same as the Title VII analysis of disparate treatment. *See Lowe v. City of Monrovia,* 775 F.2d 998, 1011 (9th Cir.1985) (holding that plaintiff had established a triable issue under Title VII, and therefore also established a § 1983 issue). Courtney's equal protection claim fails for the same reasons his Title VII claim fails, as discussed above.

To survive a summary judgment motion on his remaining First Amendment claim, Courtney must show 1) that he engaged in protected speech, 2) that he suffered from an adverse employment action, and 3) that the protected speech was a "substantial or motivating factor for the adverse action." *Marable v. Nitchman,* 511 F.3d 924, 929

(9th Cir.2007) (internal quotation marks omitted). "To qualify as 'protected speech' . . ., the employee must have uttered the speech as a citizen, not an employee." *Id.* (citing *Garcetti v. Ceballos,* 547 U.S. 410, 415–16, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006)). Whether an employee is acting under an official duty is critical to the protection analysis. *Id.* at 932. Here, Courtney conceded that, as a police officer, he had an official duty to report any misconduct. Furthermore, even if Courtney could make a prima facie showing of retaliation, Appellee Ragon has demonstrated that he had legitimate reasons for imposing disciplinary measures. *See Roe v. City of San Diego,* 356 F.3d 1108, 1112 (9th Cir.) (employer can demonstrate that he "would have reached the same decision even in the absence of the employee's protected conduct"), *rev'd on other grounds,* 543 U.S. 77, 125 S.Ct. 521, 160 L.Ed.2d 410 (2004).

Accordingly, the district court's order granting summary judgment is AFFIRMED.