

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KING C. LUM, | No. 08-16093 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-00068-SOM-LEK |
| v. | |
| KAUAI COUNTY COUNCIL; BRYAN BAPTISTE, individually, and in his capacity as the Mayor of Kauai County, State of Hawaii; LEON GONSALVES, SR., individually, and in his capacity as a Commissioner, Kauai Police Commission; MICHAEL H. TRESLER, individually, and in his capacity as the Director of Finance, Kauai County; KAUAI COUNTY; and JOHN DOES 1 to 20 and JANE DOES 1 to 20, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted October 14, 2009
Honolulu, Hawaii

Before: BEEZER, GRABER and FISHER, Circuit Judges.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

King C. Lum appeals the district court's summary judgment in favor of the defendants, as well as the district court's affirmance of the magistrate judge's order denying Lum's motion to compel discovery. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court in all respects.

## I. Lum's Motion To Compel Discovery

Having reviewed the minutes in camera, we hold that the district court did not clearly err in affirming the magistrate judge's order denying Lum's motion to compel discovery of the Kauai County Council's Executive Session 177 minutes. Lum relies on an opinion letter from the Hawaii Office of Information Practices (OIP) stating that only a limited portion of the minutes was covered by the attorney-client privilege. The magistrate judge could reasonably have disagreed with OIP's review of the minutes or concluded that the privileged material was so intertwined with nonprivileged material that redaction would be ineffective.

## II. Lum's Due Process, Breach of Contract and Violation of Public Policy Claims

The district court correctly determined that Lum did not have a property interest in his employment and, thus, does not have a viable due process claim. Lum's employment agreement was tainted by ethical violations by one of the police commissioners, so it was illegal and void ab initio. *Cf. Peine v. Murphy*,

377 P.2d 708, 712 (Haw. 1962) (holding that an agreement vitiated by fraud is void ab initio). A void contract cannot give rise to a property interest. *See Bollow v. Fed. Reserve Bank of S.F.*, 650 F.2d 1093, 1099 (9th Cir. 1981).

Accordingly, we need not consider whether Kauai County Code section 3-1.11(a) would have rendered this contract voidable. Moreover, Lum did not raise the argument that a contract that was merely voidable should be treated differently from one that was void ab initio. Thus, we do not decide whether a voidable contract could create a property interest sufficient for a due process claim. Nor do we address Lum's breach of contract and public policy claims, which the district court ruled were similarly defeated because the employment agreement was void. Lum has abandoned any challenge to these rulings on appeal. *See United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997).

### III.  Lum's Claims Against Tresler

The district court correctly determined that Lum raised no issue of material fact in his civil conspiracy claim against Michael Tresler. *See* 42 U.S.C. § 1985 (requiring a conspiracy to deprive a plaintiff of the equal protection of the laws). Because Lum has alleged no facts suggesting that Tresler acted on the basis of racial or class-based animus, we affirm the district court's summary judgment in

3

favor of Tresler.  *See Bretz v. Kelman*, 773 F.2d 1026, 1028-30 (9th Cir. 1985) (en banc).

### IV.  Lum's Claims Against Gonsalves

The district court correctly determined that Lum raised no issue of material fact in his several claims against Leon Gonsalves, Sr.  First, there is no individual liability under Title VII, 42 U.S.C. § 2000e-2, et seq.  *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993).  Second, there is no individual liability under Hawaii Revised Statutes § 378-2(1)(A) and (2).  We agree with the district court's analysis of the Hawaii statute's language, particularly in light of its parallels to Title VII.  On Lum's section 378-2(3) claim, where individual liability is proper, Lum failed to provide any evidence that Gonsalves aided and abetted any discriminatory action.

Third, the district court properly granted summary judgment on Lum's 42 U.S.C. § 1981 claims.  The evidence that Lum presented shows no more than "isolated incidents" that do not support a hostile work environment claim. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).  Moreover, Lum does not have a viable retaliation claim because he has not shown that Gonsalves took any adverse employment action as required by *Surrell v. Cal. Water Service Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008).

4

Fourth, the district court properly granted summary judgment on Lum's § 1985 claim against Gonsalves. Even assuming that Lum could show that Gonsalves was racially motivated based on his use of a derogatory nickname, we conclude that Lum offered no evidence of a conspiracy between Gonsalves and anyone else to deprive Lum of equal protection.

Fifth, the district court ruled that there is no individual liability under the Hawaii Whisteblowers' Protection Act. Haw. Rev. Stat. § 378-62. But even if there is individual liability, it can attach at most to an agent of the employer. *See id.* § 378-61. Lum failed to provide evidence that Gonsalves should be considered an agent of Lum's employer, Kauai County, much less that Gonsalves's retaliatory actions were taken in his capacity as an agent.

**AFFIRMED.**