FILED

NOT FOR PUBLICATION

JUL 02 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK STEVEN ASHMORE,

Defendant - Appellant.

No. 11-30088

D.C. No. 2:09-cr-00402-RAJ-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted May 11, 2012[**]
Seattle, Washington

Before: HAWKINS, BYBEE, and BEA, Circuit Judges.

Defendant Mark Ashmore appeals his convictions for one count of

conspiracy to commit wire fraud under 18 U.S.C. § 1349 and three counts of wire

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

fraud under 18 U.S.C. § 1343, arguing that there was insufficient evidence to support the convictions.

With regard to the conspiracy count, Ashmore argues that the evidence presented at trial was insufficient to show a single conspiracy and instead demonstrated only several disconnected conspiracies, and thus the evidence was unconstitutionally at variance with the indictment. This is a "recurring" issue, *United States v. Bibbero*, 749 F.2d 581, 586 (9th Cir. 1984), and it is well established that the "government must [have] prove[d] that an overall agreement existed among the conspirators," though "[a] formal agreement is not necessary," and an "agreement may be inferred from the defendants' acts pursuant to the scheme or other circumstantial evidence," *id.* at 587. Here, there is evidence that each of the co-conspirators named in the complaint was involved during the same time frame; the nature of the conspiracy and the method of operation remained constant; they discussed the plan with Ashmore, and some even participated as straw buyers themselves, meaning that they knew the details of the plan and the goals of the conspiracy; they were each involved in some significant role, including recruiting straw buyers, procuring financing, and maintaining properties purchased in the conspiracy; and each of them benefitted or was promised benefits from the success of the scheme. This evidence is more than sufficient for a

2

reasonable jury to infer that there was one overall agreement among the co-conspirators. *Id.*

Beyond the named co-conspirators, the government also introduced testimony concerning what Ashmore told another alleged conspirator. The indictment includes "others known and unknown" as part of the charged conspiracy. There was evidence that this co-conspirator realized the nature of the scheme; was aware of Ashmore's position in the conspiracy and the participation of other members in the scheme; and communicated with a straw buyer on behalf of Ashmore, as well as with Ashmore and another co-conspirator. The government adequately proved this member's connection to the overall conspiracy. *See United States v. Delgado*, 357 F.3d 1061, 1069 (9th Cir. 2004).

Ashmore also suggests that there was insufficient evidence supporting his convictions for wire fraud. Because this argument was not coherently developed in his briefs, any such argument has been abandoned. *See* Fed. R. App. P. 28(a)(9)(A); *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997). Yet even if he has pressed such an argument on appeal, it is without merit.

AFFIRMED.