**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DENISE SCHMIDT, | No. 11-15563 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-00197-VRW |
| v. | |
| CONTRA COSTA COUNTY; JUDICIAL COUNCIL OF CALIFORNIA, Administrative Office fo the Courts; CONTRA COSTA SUPERIOR COURT; LAUREL BRADY; THOMAS MADDOCK; LOIS HAIGHT; BARRY BASKIN; KEN TORRE, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, District Judge, Presiding

Argued and Submitted July 19, 2012
San Francisco, California

Before: PAEZ and BYBEE, Circuit Judges, and VANCE,[**] Chief District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Sarah S. Vance, Chief District Judge of the Eastern District of Louisiana, sitting by designation.

In an Opinion concurrently filed with this memorandum, we affirmed the district court's summary judgment ruling that Judge Laurel Brady, Judge Thomas Maddock, Judge Barry Baskin, and Judge Lois Haight ("the Judge Defendants") are entitled to legislative immunity from Plaintiff-Appellant Denise Schmidt's federal constitutional claims brought under 42 U.S.C. § 1983, as well as from her state constitutional claims. Here, we address the district court's (1) grant of summary judgment to the Judge Defendants and Ken Torre on Schmidt's state law wrongful termination claim; (2) grant of summary judgment to Contra Costa County ("the County") on Schmidt's *Monell* claim; and (3) denial of Schmidt's request for additional discovery and related motions. We affirm in all respects.

**1.** Schmidt is not entitled to summary judgment on her wrongful termination claim. The district court dismissed this claim in its December 2009 Order because "[t]he parties agree[d]" that the claim "[wa]s not viable," and Schmidt failed to appeal that ruling. Even if we were to treat Schmidt's appeal as a challenge to the district court's dismissal of her claim, the district court did not err in dismissing the claim. Under California law, a claim for wrongful termination in violation of public policy may be brought only against an *employer*, which forecloses the individual Judge Defendants' liability. *See C.A. v. William S. Hart Union High School Dist.*, 270 P.3d 699, 707 n.6 (Cal. 2012). In addition, to the

extent that Schmidt's claim against Ken Torre in his official capacity is a claim against the Superior Court itself, the court cannot be held liable because claims for wrongful termination in violation of public policy cannot be brought against public entities. *Miklosy v. Regents of Univ. of Cal.*, 188 P.3d 629, 644 (Cal. 2008); *see also Anthoine v. N. Cent. Counties Consortium*, 605 F.3d 740, 754 (9th Cir. 2010). Furthermore, subordinate judicial officers like Schmidt are not covered by the employee protection system put in place by the Trial Court Employment Protection and Governance Act. *See* Cal. Gov't Code § 71650(d)(1).

**2.** The district court correctly granted summary judgment to the County on all claims against it. Schmidt failed to raise any genuine issue of material fact as to the County's liability under 42 U.S.C. § 1983 because she does not present evidence that the County Counsel was a final policy-maker for the County or the Superior Court, *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992), or that County Counsel Silvano Marchesi either delegated his policy-making authority to Deputy County Counsel Mary Ann Mason or ratified her allegedly unconstitutional actions. *See Christie v. Iopa*, 176 F.3d 1231, 1236 (9th Cir. 1999); *Gillette*, 979 F.2d at 1346-47. Additionally, Schmidt waived any state law claims against the County by failing to argue them in her opening brief. *Miller v. Fairchild Indus.,*

*Inc.*, 797 F.2d 727, 738 (9th Cir. 1986); *see also United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997).

**3.** Finally, the district court did not abuse its discretion by denying either Schmidt's discovery request or her motions for relief from the magistrate judge's discovery orders. Because the Judge Defendants are entitled to legislative immunity for the adoption and application of the temporary commissioner policy that lies at the heart of this case, additional discovery would not have prevented the grant of summary judgment to the defendants. *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011).

**AFFIRMED.**