**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 02 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-17007 |
| Plaintiff - Appellee, | D.C. Nos. 1:08-cv-00401-AWI |
| | 1:06-cr-00315-AWI |
| v. | |
| EFRAIN SOTO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted September 11, 2012
San Francisco, California

Before: WALLACE, THOMAS, and BERZON, Circuit Judges.

Efrain Soto appeals the dismissal of his 28 U.S.C. § 2255 motion by the

district court. We affirm.

We assume for purposes of this appeal, without deciding, that Soto's waiver

in his plea agreement of "his right to challenge his conviction, sentence or the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255" did not preclude Soto from raising his claim of ineffective assistance of counsel ("IAC") at sentencing.[1]

1.      Soto contends that he was accorded IAC when his lawyer failed to challenge the firearm enhancement, and also that effective counsel would have moved at sentencing to withdraw the plea because the firearm enhancement was not mentioned in the plea agreement.

His lawyer did to a degree challenge the firearm enhancement. Moreover, even if Soto's lawyer had more adequately challenged the firearm enhancement, Soto suffered no prejudice. To impose the enhancement, the district court needed to find by a preponderance of the evidence only that it was not "clearly improbable that the weapon was connected with the [drug] offense." U.S.S.G. § 2D1.1, cmt. n.3 (2012); *see U.S. v. Burnett*, 16 F.3d 358, 361 (9th Cir. 1994). Here, the basis for the firearm enhancement was a shotgun found in the bedroom closet in Soto's house, near the large quantity of methamphetamine in the bedroom. A § 2D1.1 enhancement is justified where a weapon is located "in close proximity" to the illegal drugs. *U.S. v. Gillock*, 886 F.2d 220, 223 (9th Cir. 1989) (per curiam).

---

[1] Soto does not contend on appeal that his plea, including the waiver, was not knowing and voluntary because of IAC, so we do not reach that question.

There is therefore no reasonable possibility that a challenge to the firearm enhancement could have succeeded. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

For the same reasons, Soto did not suffer IAC when his lawyer failed to pursue safety-valve sentencing. With the firearm enhancement, Soto was ineligible for safety-valve sentencing. *See U.S. v. Mejia-Pimental*, 477 F.3d 1100, 1104 (9th Cir. 2007) (safety-valve sentencing requires, *inter alia*, a finding that "the defendant did not [...] possess a firearm or other dangerous weapon [...] in connection with the offense") (quoting 18 U.S.C. § 3553(f)).

Finally, there is no reasonable likelihood that any motion to withdraw the plea because of inadequate notice of the firearm enhancement could have succeeded. The plea agreement included an express caveat that "should other factors result in a recommended sentence which is higher than contemplated or forecasted by the parties, such a sentence is not in violation of this agreement."

2.      Soto suggests in passing that his § 2255 waiver cannot foreclose a challenge to his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Booker*, 543 U.S. 220 (2005); or *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc). Because his argument on this issue "was not coherently developed in his briefs on appeal, we deem it to have been abandoned." *U.S. v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997). In any event, the *Apprendi*

challenge is meritless, as, post-*Booker*, guidelines enhancements are not mandatory and do not increase the maximum sentence. *See Ameline*, 409 F.3d at 1074.

3.      Additional challenges to the calculation of Soto's sentence were raised only in the reply brief. Arguments raised for the first time in a reply brief are waived. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).

**AFFIRMED.**

FILED

OCT 02 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

United States v. Soto, No. 09-17007

WALLACE, J., concurring:

Judge Wallace concurs in the judgment only.