**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KOFI KYEI,

            Plaintiff - Appellant,

  v.

OREGON DEPARTMENT OF
TRANSPORTATION; et al.,

            Defendants - Appellees.

No. 10-35387

D.C. No. 3:07-cv-01607-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted October 12, 2012
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. For the

reasons set forth below, we affirm the district court.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.     We review the district court's decision not to order disclosure to Kofi Kyei of documents reviewed by a witness before testifying for abuse of discretion. *United States v. Wong*, 886 F.2d 252, 257 (9th Cir. 1989).  We will not reverse the district court's evidentiary rulings absent "some prejudice."  *S.E.C. v. Jasper*, 678 F.3d 1116, 1122 (9th Cir. 2012) (internal quotation marks omitted).  When a witness reviews notes prior to testifying, the adverse party "is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness about it, and to introduce in evidence any portion that relates to the witness's testimony[,]" "if the court decides that justice requires the party to have those options."  *See* Fed. R. Evid. 612.  In this case, the district court failed to explicitly determine whether "justice requir[ed]" production of Chris Myers's notes that he reviewed prior to testifying.  Although the district court should have made an explicit finding on this point, Kyei has not shown that his inability to review the notes prejudiced him. Kyei was free to cross-examine Myers and test his credibility and independent memory without having the documents in hand, but chose not to do so.   Instead, counsel ended his cross-examination of Myers shortly after the district court denied Kyei's request for in camera review of the notes.  Thus, we conclude that the district court did not abuse its discretion in making its ruling.

2

2.     We review de novo the district court's conclusions regarding the existence and scope of a privilege. *United States v. Ruehle*, 583 F.3d 600, 606 (9th Cir. 2009). Neither Supreme Court nor Ninth Circuit precedent provide authority for a union member/union representative privilege. We also choose not to "continue the evolutionary development of testimonial privileges" by recognizing a new privilege in this case. *See Trammel v. United States*, 445 U.S. 40, 47 (1980). The record demonstrates that the district court severely restricted the scope of the two union representatives' testimony and, for the most part, allowed testimony pertaining only to the representatives' non-confidential communications with Kyei.

To the extent that Kyei argues that the union representatives' testimony should have been excluded under the attorney/client privilege, Kyei did not preserve this issue for appeal, because he failed to raise the objection below. *See United States v. Iglesias*, 535 F.3d 150, 158 (9th Cir. 2008). We conclude that admission of the representatives' testimony did not constitute plain error. *See id.* Given the weight of testimony against him, Kyei has not shown that the representatives' testimony "affected the outcome of the district court proceedings." *See id.* (internal quotation marks omitted).

Finally, we decline to reach Kyei's "due process" argument with regards to the representatives' testimony "because this argument was not coherently

3

developed in his briefs on appeal." *See United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997).

3.      We review for abuse of discretion a district court's admission of evidence under Federal Rule of Evidence 404(a). *United States v. Gillespie*, 852 F.2d. 475, 479 (9th Cir. 1988). The evidence of Kyei's prior work history was not improper character evidence under Rule 404(a).

4.      We review for abuse of discretion a district court's balancing of the probative value of evidence against any unfair prejudice under Federal Rule of Evidence 403. *Boyd v. City and Cnty. of San Francisco*, 576 F.3d 938, 948 (9th Cir. 2009). We conclude that the district court did not abuse its discretion under Rule 403 when it admitted the two representatives' testimony and the prior work history evidence. The record demonstrates that the district court "adequately weighed the probative value and prejudicial effect of [the] proffered evidence before its admission . . . ." *Id.*

5.      We also review for abuse of discretion the district court's decision to consult an advisory jury. *See Traxler v. Multnomah Cnty.*, 596 F.3d 1007, 1013 (9th Cir. 2010); Fed. R. Civ. P. 39(c). The district court did not abuse its discretion in consulting an advisory jury, even though this action allowed the jury to hear evidence of Kyei's prior work history. Further, as with the two representatives'

4

testimony, the district court severely limited evidence of Kyei's prior work history to avoid any undue prejudice to Kyei.

6. Finally, "a district court's denial of a motion for a new trial" is also reviewed for abuse of discretion. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 728 (9th Cir. 2007). An erroneous evidentiary ruling warrants a new trial only if the ruling "substantially prejudiced" a party. *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) (internal quotation marks omitted). Kyei's motion for a new trial was premised on the district court's alleged evidentiary errors in consulting an advisory jury. As discussed above, we conclude that Kyei has failed to demonstrate that the district court abused its discretion in consulting the advisory jury, much less that this action "substantially prejudiced" him.

**AFFIRMED.**