MEMORANDUM **
Kenneth Arrasmith appeals the district court’s denial of his petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo the district court’s decision to deny a habeas petition. Slovik v. Yates, 545 F.3d 1181, 1185 (9th Cir.2008). We also review de novo a claim dismissed as procedurally defaulted. Cassett v. Stew *932 art, 406 F.3d 614, 620 (9th Cir.2005). We affirm the district court.
The facts of the case are known to the parties and we do not repeat them here.
I
Arrasmith argues that the state court’s decision on his Brady claims involves an “unreasonable application” of Supreme Court precedent. See 28 U.S.C. § 2254(d)(1). We disagree. The undisclosed handguns would not have been favorable to Arrasmith’s self-defense claim because the handguns were found in closed containers away from the victims’ bodies and had not been recently handled. See United States v. Jernigan, 492 F.3d 1050, 1053 (9th Cir.2007). The undisclosed handguns would also not have been favorable to Arrasmith’s request for a voluntary manslaughter instruction because the handguns are irrelevant to Arrasmith’s theory of the case, no evidence links either victim to any handgun and ample evidence suggests that Arrasmith possessed a premeditated intent to kill. See id.
For similar reasons, the undisclosed handguns are immaterial because their disclosure would not have created a reasonable probability of a different result. See United States v. Agurs, 427 U.S. 97, 109-10, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). The mere existence of two handguns near the crime scene, especially given the poor condition and relative inaccessibility of the handguns in this case, is insufficient to undermine confidence in the jury verdict.
II
Arrasmith concedes that his Sixth Amendment claim premised on the trial court’s refusal to instruct on voluntary manslaughter is procedurally defaulted and that he cannot establish cause and prejudice for the default. We deem this argument abandoned. See United States v. Kimble, 107 F.3d 712, 715 n. 2 (9th Cir.1997).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.