MEMORANDUM **
Appellant Luis C. Rodriguez appeals (1) the district court’s order denying his mo *535 tion to suppress evidence obtained during a search of his residence, and (2) the district court’s order denying his motion for new trial. Rodriguez also asks this court to review his claim of ineffective assistance of counsel (“IAC”) on direct appeal. Rodriguez argues that the affidavit accompanying the search warrant did not directly link him and his alleged crimes to the residence, and that there was no exigency justifying the warrantless search. He also argues that the district court applied the incorrect standard on his new trial motion. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
This court reviews a district court’s denial of a motion to suppress de novo. United States v. Decoud, 456 F.3d 996, 1007 (9th Cir.2006). Whether exigent circumstances justify a warrantless search is a mixed question of law and fact reviewed de novo. United States v. Russell, 436 F.3d 1086, 1089 n. 2 (9th Cir.2006).
A warrantless search is permissible if (1) there is probable cause to search; and (2) exigent circumstances justify the search. Bailey v. Newland, 263 F.3d 1022, 1032 (9th Cir.2001). Here, there was a “fair probability” that contraband or evidence of a crime would be found inside his residence. United States v. Gourde, 440 F.3d 1065, 1069 (9th Cir.2006) (en banc). The evidence showed that Rodriguez was responsible for receiving images of child pornography on his computer at the Ag Center, had computers and access to the internet at his residence, and although he claimed that none of the computers were working, he appeared nervous and evasive when discussing them.
There were also exigent circumstances. First, Rodriguez appeared to be nervous and evasive when he was questioned about computers at his residence. Second, Rodriguez chose to leave work more than one hour before his normally scheduled lunch break. Third, Rodriguez chose to drive from the Ag Center to his home for lunch, instead of his usual lunch at restaurants near work. Finally, when officers arrived at his residence, they observed Rodriguez’s truck there and smoke coming from a 50-gallon barrel in Rodriguez’s backyard. A reasonable person would have concluded that it was necessary to search his residence to prevent the destruction of evidence. Dixon v. Wallowa County, 336 F.3d 1013, 1018 (9th Cir.2003); see Fisher v. City of San Jose, 558 F.3d 1069, 1074-75 (9th Cir.2009) (en banc).
Although Rodriguez argues that the affidavit accompanying the search warrant did not directly link him and his alleged crimes to the residence, he failed to develop his argument, and it is therefore waived. Fed. R.App. P. 28(a)(9); United States v. Kimble, 107 F.3d 712, 715 n. 2 (9th Cir.1997). Even if he had sufficiently developed this argument, it would fail. The attachments to the application for the search warrant explicitly connected Rodriguez to the residence by noting that the residence would bear “[i]n-dicia in the name of ‘Luis Rodriguez.’ ” Moreover, in the Statement of Probable Cause, the affiant recounted the details of the case, including the location of the child pornographic images on Rodriguez’s work computer, his interview with Rodriguez at the Ag Center, wherein Rodriguez admitted that he had computers at his residence and access to the internet, but appeared “extremely nervous and reluctant to answer questions regarding his computers at his residence,” the officers’ observations of Rodriguez’s truck at his residence during his lunch hour and the burning smoke emanating from a 50-gallon barrel in his backyard containing images of child pornography, the information, based on *536 prior interviews, that Rodriguez did not normally go to his residence during his lunch break, and the affiant’s belief, based on his training and experience, that “individuals involved in the collection of child pornography tend to maintain their collections on a secure, private location for long periods of time.” The affiant noted that “there is probable cause to believe that child pornography will be located in the residence and computers that are located at the residence,” and requested that the residence be searched. The application of the search warrant, therefore, made a direct connection between Rodriguez, the alleged crime, and the place to be searched.
This court reviews a district court’s “denial of a motion for new trial based upon newly discovered evidence for an abuse of discretion.” United States v. George, 420 F.3d 991, 1000 (9th Cir.2005). “To prevail on a motion for new trial based upon newly discovered evidence, the defendant must show (1) the evidence is newly discovered; (2) failure to discover the evidence sooner was not due to lack of diligence; (3) the evidence was material to trial issues; (4) the evidence was not cumulative or merely impeaching; and (5) a new trial, if granted, would probably result in acquittal.” Id.; United States v. Kulczyk, 931 F.2d 542, 548 (9th Cir.1991); see also Fed.R.Crim.P. 33. Here, the district court applied the correct legal standard and did not abuse its discretion in denying the motion, on the grounds that Rodriguez cannot show that the evidence was newly discovered or that a different result would occur if a new trial were granted.
This court reviews de novo whether a defendant received ineffective assistance of counsel. United States v. Labrada-Bustamante, 428 F.3d 1252, 1260 (9th Cir.2005). “[A]s a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal.” United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir.2005) (citing United States v. McKenna, 327 F.3d 830, 845 (9th Cir.2003)), cert. denied, 546 U.S. 883, 126 S.Ct. 198, 163 L.Ed.2d 188 (2005). There are two exceptions to this general rule: “ ‘(1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel.’ ” United States v. Alferahin, 433 F.3d 1148, 1160 n. 6 (9th Cir.2006) (quoting Jeronimo, 398 F.3d at 1156). Rodriguez does not develop any substantial argument with respect to either exception, and so, he has waived his argument. Fed. R.App. P. 28(a)(9); Kimble, 107 F.3d at 715 n. 2.
Even if not waived, neither exception applies here. First, reviewing the IAC claim would be speculation at this point because, as the district court correctly noted, the record contains no evidence of “why ... [Rodriguez’s trial counsel] did what he did.” Second, Rodriguez cannot show that “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different,” Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because there was evidence of (1) child pornography on his work computer under files bearing his initials, (2) Rodriguez’s access to computers at his residence and access to the internet, and (3) Rodriguez returning to his residence and destroying images of child pornography after he suspected that he was the target of a criminal investigation.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provid *535 ed by 9th Cir. R. 36-3.