**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK BRADY, | No. 09-15609 |
| Plaintiff - Appellant, | D.C. No. 1:06-cv-00136-ALA |
| v. | |
| TIMOTHY FISHBACK; JESUS JUAREZ; SIMON VILLA; DEPARTMENT OF CORRECTIONS AND REHABILITATION, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Arthur L. Alarcón, Circuit Judge, Presiding [**]

Submitted August 10, 2010 [***]

Before:     HAWKINS, McKEOWN, and IKUTA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Patrick Brady, a California state prisoner, appeals pro se from the district court's summary judgment to Defendants in Brady's 42 U.S.C. § 1983 action alleging deliberate indifference to serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). We affirm.

The district court properly concluded that Brady did not raise a triable issue as to whether Defendants were deliberately indifferent. Brady's disagreement with prison doctors regarding his access to Ritalin medication does not constitute deliberate indifference to his Attention Deficit and Hyperactivity Disorder ("ADHD"). *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (a difference of opinion regarding medical treatment does not amount to deliberate indifference). Moreover, whether Defendants had a written policy discontinuing Ritalin in the California prison system is not a material issue of fact because Brady does not demonstrate that Ritalin was the only way to treat Brady's ADHD. Rather, it is undisputed that Defendants prescribed another ADHD medication and continued to treat Brady's condition. *See id*.

To the extent Brady attempts to appeal the denial of a claim under the Americans with Disabilities Act ("ADA"), this contention fails because he does not develop any arguments on appeal; all of his substantive arguments on appeal

2

concern his claims under section 1983, not the ADA. *See United States v. Kimble* , 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("because this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned.").

Finally, Brady's contention that the district court failed to view the facts in the light most favorable to Brady is without merit.

**AFFIRMED.**