**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DOE,<br><br>Petitioner,<br><br>v.<br><br>ALBERTO R. GONZALES, Attorney General,<br><br>Respondent. | No. 03-74206<br><br>Agency No. A77-131-859<br><br>AMENDED MEMORANDUM[*] |
| JOHN DOE,<br><br>Petitioner,<br><br>v.<br><br>ALBERTO R. GONZALES, Attorney General,<br><br>Respondent. | No. 05-72434<br><br>Agency No. A77-131-859 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 16, 2007[**]
San Francisco, California

Filed April 9, 2017
Amended January 24, 2017

Before: GOULD and RAWLINSON, Circuit Judges, and COVELLO[***], District Judge.

John Doe, a native of Iran and a citizen of Germany, petitions for review of two separate decisions of the Board of Immigration Appeals ("BIA"). In No. 03-74206, Doe petitions for review of the BIA's decision affirming the Immigration Judge's ("IJ") order denying his applications for asylum, withholding of removal, and cancellation of removal. In No. 05-72434, Doe petitions for review of the BIA's denial of his motion asking the BIA to reopen and reconsider its decision affirming the IJ in No. 03-74206.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252.

Doe last entered the United States on November 19, 1997, as a nonimmigrant student with authorization to attend the Community College of

---

[**] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Alfred V. Covello, Senior United States District Judge for the District of Connecticut, sitting by designation.

[1]Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

Southern Nevada, in Las Vegas, Nevada. On or about January 7, 2000, the former Immigration and Naturalization Service ("INS") issued a notice to appear ("NTA") charging Doe as removable under sections 212(a)(6)(I), 237(a)(1)(A), and 237(a)(1)(C)(I) of the Immigration and Nationality Act ("INA"). Doe sought relief in the form of cancellation of removal under INA § 240A(b)(2), the so-called Special Rule Battered Spouse/Child provisions of the INA, also known as the Violence Against Women Act provisions. He also filed an application seeking asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

On September 18, 2002, the IJ issued a revised decision concluding that Doe was removable under INA § 237(a)(1)(C) for failure to comply with the terms of his nonimmigrant student visa. The IJ also denied Doe's applications for cancellation of removal under INA § 240A(b)(2), for asylum, for withholding of removal, and for protection under the CAT. On October 23, 2003, the BIA issued a decision affirming the IJ and dismissing Doe's appeal. During the pendency of his petition for review in No. 03-74206, Doe filed a motion to reopen and reconsider on December 14, 2004, before the BIA. Noting that his motion was untimely, the BIA declined to exercise its discretion sua sponte to reopen and

reconsider Doe's case and denied his motion. The petition for review in No. 05-72434 followed.

Doe argues in No. 03-74206 that we should grant his petition for review and remand his case to the BIA with instructions to grant him cancellation of removal under INA § 240A(b)(2), as well as withholding of removal. Specifically, he argues that the BIA violated his due process rights when the BIA affirmed the denial of his application for cancellation of removal under INA § 240A(b)(2) because the denial was based upon testimony by petitioner's allegedly abusive spouse and because the BIA incorrectly applied the relevant legal standards when it found that petitioner's removal would not result in extreme hardship.[2] Doe, however, did not raise either of these due process claims before the BIA on appeal, and has failed to exhaust his administrative remedies with respect to those claims. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004) (noting that under the INA this "court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as a matter of right."); *see also* INA § 242(d)(1), 8 U.S.C. § 1252(d)(1). Therefore, we lack jurisdiction

---

[2]Due process challenges to final orders of removal are reviewed de novo. *See Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001) (citing *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)).

to review Doe's due process claims, and his petition for review in No. 03-74206 with respect to those claims is dismissed. *See Barron*, 358 F.3d at 677-78.

In addition, Doe argues that the evidence in the record compels a contrary result from the BIA's determination that petitioner did not demonstrate extreme mental cruelty under INA § 240A(b)(2).[3] There is substantial evidence in the record to support the BIA's and IJ's conclusions that Doe did not demonstrate extreme mental cruelty. There is not sufficient evidence in this case to compel the opposite conclusion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992); *see also Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998). We deny Doe's petition for review in No. 03-74206 with respect to this claim.

Doe also contends that the BIA erred when it determined that petitioner did not demonstrate past persecution and denied his applications for asylum and

---

[3]Factual determinations regarding a petitioner's eligibility for asylum, withholding of removal, or cancellation of removal under the INA are reviewed under the substantial evidence standard. That is, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B); *see also Ramos-Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir. 1995). To reverse the BIA's findings, we must find that the evidence "not only supports the opposite conclusion, but compels it." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992); *see also Singh v. INS*, 134 F.3d 857, 861 (9th Cir. 1998). Where, as here, the BIA "adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir. 2000).

withholding of removal.[4]  Both the BIA and the IJ found pursuant to 8 U.S.C. §

1158(a)(2)(B)[5] that Doe's November 4, 2000, application for asylum was untimely

filed since he had last entered the United States on November 19, 1997.  The BIA

further found that no changed or extraordinary circumstances such as might excuse

the untimely filing existed.[6]  We have jurisdiction to review the BIA's

determination that no "extraordinary circumstances" excused Doe's untimely filing

of his application for asylum.  *See Ramadan v. Gonzales*, - - F.3d - -, 2007 WL

528715 (9th Cir. Feb. 22, 2007).

Doe's challenge to the BIA's determination that Doe failed to show changed

or extraordinary circumstances is a reviewable mixed question of law and fact.  *See

id.*  Here, the factual basis of Doe's petition is undisputed; we only review whether

---

[4]Doe has not challenged the BIA's denial of his application for relief under the CAT.  Accordingly, he has waived his right to challenge the denial of such relief.  *See, e.g., Mendoza v. Block*, 27 F.3d 1357, 1363 (9th Cir. 1994) ("Failure to raise an issue on appeal results in waiver of that issue."); *see also United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997).

[5]"Any alien" may apply for asylum, *see* 8 U.S.C. § 1158(a)(1), provided that the alien "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States."  8 U.S.C. § 1158(a)(2)(B).

[6]An application for asylum may be considered after the one-year time period, however, "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ."  8 U.S.C. § 1158(a)(2)(D).

6

the BIA appropriately determined that the facts did not constitute "changed circumstances which materially affect[ed Doe's] eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ." 8 U.S.C. § 1158(a)(2)(D); *see also* 8 C.F.R. § 208.4(a)(4)(I) (listing examples of "changed circumstances . . . materially affecting the applicant's eligibility for asylum"); 8 C.F.R. § 208.4(a)(5) (listing examples of "extraordinary circumstances . . . directly related to the failure to meet the one-year deadline"). Here, the record does not compel the conclusion that Doe has shown either changed or extraordinary circumstances such that his asylum application should have been considered notwithstanding its late filing. *See generally id.* Accordingly, we deny the petition for review of the BIA's order dismissing Doe's application for asylum.

We also have jurisdiction to review Doe's argument that substantial evidence in the record compels a finding that Doe demonstrated both past persecution and a clear probability that he will suffer future persecution, such that the BIA erred in denying his application for withholding of removal. Here, the evidence is not "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *See Elias-Zacarias*, 502 U.S. at 483-84. Indeed, the record clearly supports the BIA's and IJ's determinations that Doe failed to establish that he was persecuted while in Germany or that it was more likely than

not that he would be subjected to future persecution in Germany. We deny Doe's petition for review in No. 03-74206 with respect to his claim that the BIA erred in denying his application for withholding of removal.

In No. 05-72434, Doe argues that the BIA abused its discretion in denying his motion to reopen and reconsider. While we review motions to reopen and reconsider for abuse of discretion, *INS v. Abudu*, 485 U.S. 94, 107 (1988); *see also Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), we lack jurisdiction to review the BIA's decision not to reopen the proceedings sua sponte under 8 C.F.R. § 3.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1154 (9th Cir. 2002). Accordingly, Doe's petition for review in No. 05-72434 is dismissed.

**NO. 03-74206 DENIED IN PART AND DISMISSED IN PART; NO. 05-72434 DISMISSED.**



FILED

JAN 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

***Doe v. Ashcroft*, Nos. 03-74206 and 05-72434**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.