**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30021 |
| Plaintiff-Appellee, | D.C. No. 1:20-cr-00267-MC-1 |
| v. | |
| DOMINICK JEFFREY ARAGON, | MEMORANDUM<sup>*</sup> |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted December 7, 2021<sup>**</sup>
Seattle, Washington

Before: McKEOWN, CHRISTEN, and BADE, Circuit Judges.

While serving two undischarged state sentences—one for a revocation of

probation, and the other for driving under the influence of intoxicants—Dominick

Aragon pleaded guilty to a federal charge for distribution of cocaine, in violation

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of 21 U.S.C. § 841(a)(1), (b)(1)(C). Aragon was sentenced to 30 months' imprisonment, with 15 months to run concurrently with his undischarged state sentences, and 15 months to run consecutively. Aragon appeals his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recite them here.

1. The district court did not plainly err by imposing a partially concurrent and partially consecutive sentence. Where, as here, a defendant did not object to an alleged sentencing error before the district court, this court reviews his claims for plain error. *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009). Plain error is "(1) error, (2) that is plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of the judicial proceedings." *United States v. Ferguson*, 8 F.4th 1143, 1145–46 (9th Cir. 2021) (internal quotation marks omitted).

United States Sentencing Guideline (U.S.S.G.) § 5G1.3 applies to defendants like Aragon who are serving an undischarged term of imprisonment at the time of sentencing. U.S.S.G. § 5G1.3(b) directs courts to impose a concurrent sentence when the offense underlying the undischarged term is "relevant conduct" to the instant offense. However, Aragon concedes his DUI conviction is unrelated

to the instant offense.[1]  Consequently, § 5G1.3(b) and its directive do not apply to Aragon's sentence.  *See United States v. Kimble*, 107 F.3d 712, 713, 715 (9th Cir. 1997) (holding that § 5G1.3(b) does not apply "where at least one of a defendant's undischarged prison terms is not related to the instant offense"); *see also* U.S.S.G. § 5G1.3 cmt. n.4(D).  The district court therefore appropriately exercised its discretion in sentencing Aragon to a term of imprisonment that was partially concurrent and partially consecutive to his undischarged term of imprisonment.

2. The district court adequately explained its rationale for imposing a partially concurrent and partially consecutive sentence.  In sentencing a defendant, a district court must consider the 18 U.S.C. § 3553(a) sentencing considerations and explain its reasoning in detail sufficient to permit meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 991–92 (9th Cir. 2008) (en banc).  An explanation is sufficient if it "communicates that the parties' arguments have been heard, and that a reasoned decision has been made."  *Id.* at 992.

The court informed the parties that it reviewed the Presentence Investigation Report (PSR) and sentencing briefs; heard oral argument from the parties; considered Aragon's criminal history and history of drug and alcohol abuse; and

---

[1] We express no view on whether Aragon's cocaine delivery offense underlying his revocation of probation, was relevant conduct to the instant offense.

expressed concern about releasing Aragon into the community in light of the high risk shown by his recidivism and impulsiveness around alcohol. The district court's explanation of its sentencing decision was therefore sufficient. *See id.*

3. Next, the district court's sentence was not substantively unreasonable. "We conduct a two-step analysis when reviewing the reasonableness of a sentence: 'we first consider whether the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence.'" *United States v. Apodaca*, 641 F.3d 1077, 1080–81 (9th Cir. 2011) (quoting *Carty*, 520 F.3d at 993). A sentence is substantively reasonable if, under the totality of the circumstances, it is "sufficient, but not greater than necessary" to achieve the statutory goals of sentencing. *Carty*, 520 F.3d at 993–94.

Aragon appears to suggest that his prosecution and sentence were unfair and unreasonable. Aragon posits that, if he were prosecuted in federal court for both the April 2018 cocaine sale and June 2018 cocaine charge, his total offense level would not have changed. He also argues that, if the government would have prosecuted him for the April 2018 cocaine sale earlier, his other offenses would not have counted against him, and that the district court should have "impose[d] a sentence as if the two cases were sentenced as one" (i.e., a below-Guidelines, fully concurrent sentence).

These arguments are premised on Aragon's incorrect assumption that § 5G1.3(b) applied to his sentence. Aragon provides no support for his implied contention that the prosecution of the federal offense was somehow unfairly delayed. In any event, the district court adequately considered the § 3553(a) factors and imposed a sentence at the bottom of the Guidelines range.[2] The district court's sentence was reasonable. *See id.* at 988 ("[A] correctly calculated Guidelines sentence will normally not be found unreasonable on appeal.").

4. Aragon contends that it was error for the district court not to notify the parties that Aragon's sentence would include a consecutive component. This argument is based on the faulty premise that § 5G1.3(b) required a concurrent sentence in Aragon's case. As explained above, § 5G1.3(b) is inapplicable to Aragon's sentence, so the district court did not depart from the Sentencing Guidelines in imposing a partially consecutive sentence. Accordingly, no such notice was required here. *See* Fed. R. Crim. P. 32(h); *United States v. Fifield*, 432 F.3d 1056, 1063 (9th Cir. 2005).

---

[2] Contrary to Aragon's suggestion, the district court did not err simply because it did not adopt the parties' and the PSR's sentencing recommendations. Indeed, the PSR advised the district court that, in sentencing Aragon for the April 2018 cocaine sale, it was permitted to impose a sentence to run concurrently, partially concurrently, or consecutively to Aragon's prior undischarged term of imprisonment.

5

**AFFIRMED.**