NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RODULIO ADONAY PADILLA-
SARMIENTO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-4139

Agency No.
A096-386-723

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2025[**]
San Francisco, California

Before: FORREST and SANCHEZ, Circuit Judges, and EZRA, District Judge.[***]

Rodulio Adonay Padilla-Sarmiento ("Padilla-Sarmiento"), a native and

citizen of Honduras, petitions for review of the Board of Immigration Appeals'

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

("BIA") decision denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We deny in part and dismiss in part the petition. As the parties are familiar with the facts, we do not recount them here.

The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). A decision is an abuse of discretion if it is "arbitrary, irrational, or contrary to law." *Id.* (citation omitted).

1. "[A] motion to reopen will not be granted unless the [noncitizen] establishes a prima facie case of eligibility for the underlying relief sought." *Ordonez v. I.N.S.*, 345 F.3d 777, 785 (9th Cir. 2003) (quoting *In re S-V-*, 22 I. & N. Dec. 1306, 1307 (B.I.A. 2000) (en banc)). Prima facie eligibility requires "only a threshold showing of eligibility—a reasonable likelihood that the [noncitizen] would prevail on the merits if the motion to reopen were granted." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023).

To be eligible for cancellation of removal, a noncitizen must demonstrate that his "removal would result in exceptional and extremely unusual hardship to the [noncitizen's] spouse, parent, or child, who is a citizen of the United States or [a noncitizen] lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). A noncitizen must demonstrate that the harm is "substantially beyond that which ordinarily would be expected to result from the [noncitizen's]

deportation." *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (quotation marks and citation omitted).

Padilla-Sarmiento's motion indicated that he had qualifying relatives. The motion attached evidence such as birth certificates and a tax return listing his spouse to support their existence, but neither this evidence nor his motion explained how his removal would result in an "exceptional and extremely unusual hardship" to one of those qualifying relatives. 8 U.S.C. § 1229b(b)(1)(D). Padilla-Sarmiento makes hardship arguments for the first time on appeal, arguing, for example, that "one needs to only imagine the hardship five minor children will face if their father and main bread winner is removed from the U[nited] S[tates]."

The Court declines to consider these arguments because he did not raise them before the BIA, and Respondent has objected to them. 8 U.S.C. § 1252(d)(1); *see also Shen v. Garland*, 109 F.4th 1144, 1157 (9th Cir. 2024) (noting that § 1252(d)(1) "is a non-jurisdictional, but mandatory, claim-processing rule" (citing *Santos-Zacaria v. Garland*, 598 U.S. 411, 416–23 (2023))); *Fort Bend County, Texas v. Davis*, 587 U.S. 541, 549 (2019) (noting a court must enforce a mandatory claim-processing rule if a party properly raises it). Without any information as to why Padilla-Sarmiento's qualifying relatives would experience an "exceptional and extremely unusual hardship," the court finds that the BIA did not abuse its discretion in finding that Padilla-Sarmiento had failed to demonstrate the required *prima facie*

eligibility for cancellation of removal.[1]

2.      We lack jurisdiction to review the BIA's denial of *sua sponte* authority. Jurisdiction over decisions not to exercise *sua sponte* authority "is limited to those situations where it is obvious that the agency has denied sua sponte relief not as a matter of discretion, but because it erroneously believed that the law forbade it from exercising its discretion, or that exercising its discretion would be futile." *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020) (citations omitted). In other words, our review "is constricted to legal or constitutional error that is apparent on the face of the BIA's decision and does not extend to speculating whether the BIA *might* have misunderstood some aspect of its discretion." *Id.*

Nothing on the face of the BIA's decision indicates that it declined to exercise its *sua sponte* authority on the basis that the law forbade it from doing so. We thus lack jurisdiction to consider this argument—to the extent raised by Padilla-

---

[1] As this basis alone was sufficient for the BIA to deny Padilla-Sarmiento's petition, the Court declines to reach the other *prima facie* findings. *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam))). Additionally, because Padilla-Sarmiento did not establish that he is eligible for cancellation of removal, the BIA did not err in declining to resolve whether his motion to reopen was timely. *See id.*; *see also Ordonez*, 345 F.3d at 785.

Sarmiento[2]—and dismiss the petition as to this issue.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[2] Padilla-Sarmiento states in his opening brief that he "is not primarily seeking *sua sponte* reopening" and makes no argument regarding such relief. He has thus forfeited any argument as to the BIA's decision not to exercise its *sua sponte* reopening authority. *See Hernandez v. Garland,* 47 F.4th 908, 916 (9th Cir. 2022) (finding that the petitioner had forfeited an argument where he challenged an issue "only in a single sentence" and failed to "'coherently develop[]' the argument" (quoting *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997))).